PEOPLE v BUFKIN

Docket No. 95812. Submitted November 18, 1987, at Detroit. Decided
    May 17, 1988. Leave to appeal applied for.

Frank L. Bufkin was charged in Detroit Recorder's Court with
    possession of cocaine. Following deliberation, the jury advised
    the court that it had reached a verdict. The jury was brought
    into the courtroom and the foreman announced a verdict of not
    guilty. The prosecutor asked that the jury be polled. The first
    ten jurors asked responded that the not guilty verdict was
    theirs. The eleventh juror asked, however, responded that she
    did not agree with the not guilty verdict. Defense counsel asked
    that the jury be instructed to continue deliberation, but the
    prosecutor argued that the court must declare a mistrial be-
    cause the jurors had revealed the state of their deliberations.
    The court, Wendy M. Baxter, J., declared a mistrial. Defendant
    filed a motion to dismiss his reprosecution arguing that there
    was no proper reason for granting the mistrial. The motion was
    denied. Defendant appealed.

    The Court of Appeals *held:*

    The court rules expressly dictate that a jury in this situation
    must be sent out for further deliberation. Because there was no
    manifest necessity for granting a mistrial, retrial of defendant
    is barred by the double jeopardy clauses of the United States
    and Michigan Constitutions.

    Reversed and remanded for entry of an order of uncondi-
    tional dismissal.

CRIMINAL LAW — JURY — POLLING OF JURY — MISTRIAL — COURT
    RULES.

A mistrial should not be declared where, after the jury has stated
    that it has reached a verdict, one of the jurors upon being
    polled states that he does not agree with the verdict; under
    these circumstances the jury should be sent out for further
    deliberation (MCR 2.512[B][3]).

REFERENCES

Am Jur 2d, Trial §§ 1122-1127.

Juror's reluctant, equivocal, or conditional assent to verdict, on
    polling, as ground for mistrial or new trial in criminal case. 25
    ALR3d 1149.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Robert W. Plumpe,* for defendant on appeal.

Before: D. F. WALSH, P.J., and SHEPHERD and A. T. DAVIS,* JJ.

PER CURIAM. Defendant Frank Lee Bufkin was tried by jury in Detroit Recorder's Court for possession of cocaine. MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). Trial commenced on May 19, 1986. On May 21, 1986, the jury advised the court by a note that it had reached a verdict. When the jury was brought into the courtroom, the foreman announced a verdict of not guilty.

The prosecutor, as permitted under MCR 2.512(B)(2), requested that the jury be polled. The judge then polled the jury, and the first ten jurors answered, as expected, that the not guilty verdict was his or her verdict. However, the eleventh juror said it was not her verdict.

Defense counsel asked the judge to instruct the jury to continue deliberation in accordance with MCR 2.512(B)(3). However, the prosecutor argued that, since the jurors had revealed the state of their deliberations, the judge was required to declare a mistrial. After brief argument, the trial judge declared a mistrial.

Subsequently, defendant filed a motion to dismiss his reprosecution, presumably based on the grant of a mistrial without a proper reason. That motion was denied by order dated June 6, 1986.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant appeals by leave granted the denial of his motion.

At issue in this case is MCR 2.512(B):

> (B) Return; Poll.
>
> (1) The jury agreeing on a verdict must return to the court and announce the verdict.
>
> (2) A party may require a poll to be taken by the court asking each juror if it is his or her verdict.
>
> (3) If the number of jurors agreeing is less than required, the jury must be sent out for further deliberation; otherwise the verdict is complete, and the court shall discharge the jury.

The prosecutor's argument for mistrial at trial and on appeal is based on CJI 3:1:20(10):

> During your deliberation, you must not reveal to any person, including the Judge, how your voting stands. Therefore, until you return with a unanimous verdict, do not reveal this information outside of the jury room.

However, this rule is not absolute, and, absent some coercive impact caused by revealing the state of deliberations, error is not presented. See the discussion in *People v Holmes,* 98 Mich App 369, 378; 295 NW2d 887 (1980), modified on other grounds 417 Mich 960; 332 NW2d 397 (1983). Given the circumstances presented in this case, there was no impropriety present. The jurors were merely responding to a poll as directed by the court. Moreover, MCR 2.512(B)(3) contemplates this exact situation and expressly dictates that the jury must be sent out for further deliberation.

As shown by this record, there was no manifest necessity for the granting of a mistrial. Accordingly, retrial is barred by the double jeopardy clauses of the United States and Michigan Consti-

tutions. *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278 (1972); *People v Alvin Johnson,* 396 Mich 424, 431; 240 NW2d 729 (1976).

Reversed and remanded for entry of an order of unconditional dismissal.